IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff(s),<br>v.<br>STANFORD YELLOW CAB TAXI, INC., et. al.,<br><br>Defendant(s). | CASE NO. 5:13-cv-04208 EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR IN CAMERA REVIEW**<br><br>[Docket Item No(s). 15] |

## I. INTRODUCTION

In this action asserting violations of the Fair Labor Standards Act ("FLSA"), presently before the court is an Administrative Motion for In Camera Review filed by Plaintiff Thomas E. Perez, Secretary of Labor (the "Secretary"). See Docket Item No. 15. Defendants Stanford Yellow Taxi Cab Inc., Stanford Madeline Cab Inc., AAA Legacy Limousine Inc., and Sayed Abbas (collectively, "Defendants") have filed written opposition to this motion. See Docket Item No. 17.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. The court has carefully considered the Secretary's request as well as the arguments in opposition. Since Defendants' objections to in camera review are meritorious under the circumstances, the Secretary's motion will be denied for the reasons described below.

## II. DISCUSSION

This discussion must begin with a short background. As their names suggest, the corporate

1
CASE NO. 5:13-cv-04208 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR IN CAMERA REVIEW

1 defendants each provide taxi and town car transportation services. Defendant Abbas is the owner of
2 these entities. In a Complaint filed on September 11, 2013, the Secretary alleges that Defendants
3 have obstructed an investigation into their compliance with the FLSA and have retaliated against
4 employees in violation of 29 U.S.C. §§ 211(a) and 215(a)(3). As relief for these violations, the
5 Secretary requests an order permanently enjoining Defendants from violating these provisions.
6 Aside from fees and costs, that is the only specific form of relief requested by the Secretary in the
7 Complaint.

8 The motion for in camera review comes as part of the Secretary's underlying request for a
9 preliminary injunction prohibiting Defendants from engaging in obstructive and retaliatory conduct
10 against employees cooperating with the Secretary. In support of that request, the Secretary seeks to
11 submit to the court certain declarations by employees that purportedly describe "Defendants'
12 obstruction of the government's investigation, prior retaliation by Stanford Cab and Sayed Abbas,
13 and the threat of future retaliation if Defendants learn the identity of workers who have spoken to the
14 Secretary." The Secretary moves for in camera review of these declarations in order to prevent
15 Defendants from learning the identities of those employees cooperating with the investigation. The
16 Secretary believes these employees will experience retaliation by Defendants if their identities are
17 revealed.

18 Defendants oppose in camera review for two reasons. They first argue these declarations
19 should have been presented with the Secretary's motion for injunctive relief rather than through a
20 subsequent administrative motion. Second, Defendants argue that in camera review of these
21 declarations results in an unfair and prejudicial proceeding.

22 In contemplating this request, the court is mindful of the Secretary's interest in protecting its
23 informants by keeping their identities confidential. See Kasten v. Saint-Gobain Performance
24 Plastics Corp., 131 S. Ct. 1325, 1333 (2011) (recognizing the Secretary relies on "'information and
25 complaints received from employees seeking to vindicate rights claimed to have been denied'" in
26 order to enforce provisions of the FLSA); see also Brennan v. Engineered Prods., Inc., 506 F.2d 299,
27 302 (5th Cir. 1974) ("[E]nforcement of the Act is highly dependent on the cooperation of, and
28 statements given by, employees."). Indeed, in cases brought under the FLSA, the Secretary's

1  interest has been determined a type of privilege sufficient to shield the disclosure of informant
2  identities during the discovery process. Brennan, 506 F.2d at 302 ("There is a privilege in FLSA
3  enforcement actions which permits the Secretary to withhold the names of people who have given
4  statements as well as the statements themselves.").

5  But this informant's privilege, like many others, is not absolute, "and courts faced with an
6  assertion of the privilege must balance 'the public's interest in efficient enforcement of the FLSA,
7  the informant's right to be protected against possible retaliation, and the employer's need to prepare
8  for trial.'" Solis v. Best Miracle Corp., No. SACV 08-0998-CJC (MLGx), 2009 U.S. Dist. LEXIS
9  107324, at *4, 2009 WL 3709498 (C.D. Cal. Nov. 3, 2009) (quoting Hodgson v. Charles Martin
10 Inspectors of Petroleum, Inc., 459 F.2d 303, 305 (5th Cir. 1972)).  During discovery, the balance of
11 interests generally weighs in favor of the privilege because employer defendants are generally
12 unable to articulate a compelling need for the information during the preliminary stages of litigation.
13 See, e.g., Brock v. Gingerbread House, Inc., 907 F.2d 115, 116-17 (10th Cir. 1989).

14 The weight of the interests changes as a case progresses, however.  "As trial draws near, the
15 balance shifts toward disclosure and the government must make a particularized factual showing
16 regarding a danger of retaliation in order for continued validity of the privilege." Best Miracle
17 Corp., 2009 U.S. Dist. LEXIS 107234, at *4.  In camera review has been utilized in cases where, at a
18 later stage of the case, ongoing invocation of the privilege is questionable unless the Secretary can
19 sufficiently demonstrate the possibility of retaliation. See id.  But in the end, "[t]here is no bright
20 line for determining when the privilege will apply and each case must be analyzed according to its
21 facts under a delicate balancing test." Sec'y of Labor v. Superior Care, Inc., 107 F.R.D. 395, 397
22 (E.D.N.Y. 1985).

23 Here, the instant motion does not appear within a discovery dispute before a magistrate
24 judge. Instead, the Secretary seeks to have *the trial judge* review in camera declarations he believes
25 are covered by the informant's privilege, and  - as far as the court can tell - either consider them
26 substantively when ruling on the preliminary injunction motion or destroy them if its determines the
27 privilege should not apply.

28 The problems with such a procedure are fairly obvious.  Since the subject matter covered by

the employees' declarations is past and future retaliation by Defendants, the information will likely be critical to the motion for preliminary injunction, if not to the case as a whole, since the likelihood of the Secretary's success on the merits of this litigation will be at issue. But as Defendants point out, how are they to know how to respond to the Secretary's motion if they are not also notified of any allegedly offensive conduct? Moreover, how is the court, acting as the trial judge, to destroy and then ignore the employees' declarations if it determines the privilege should not apply? Neither the Secretary nor the court can reasonably expect Defendants to fairly defend against the injunction when all of the key allegations are secreted from them. And in camera review that merely leads to destruction of the declarations does nothing to remedy the fact that ex parte information will have nonetheless been communicated to the same court that must determine whether injunctive relief is appropriate. Perhaps tellingly, the Secretary has not identified precedent for the process he proposes. All of the cases cited in the Secretary's instant motion are related to discovery proceedings, not to substantive motions before the trial judge.[1]

Although this case is unquestionably still in a formative stage, it would be prejudicial to Defendants for the court to simply accept the declarations for in camera review, even if it is to later disregard them. This is true because the matter before the court, while preliminary in its title, is more than that since it mirrors the ultimate injunctive relief requested in the Complaint. Under these circumstances, Defendants' interest in at least some of the information is strong since they must prepare to defend against an injunction that may dictate the end-result of this case. At the same time, however, the court concurs with the Secretary that his interest in maintaining the actual identities of cooperating employees should remain intact at this point.

Accordingly, in order for the court to ensure the fairness of the proceeding, the Secretary

---

[1] This is also not a case, like Wirtz v. B.A.C. Steel Prods., Inc., 312 F.2d 14 (4th Cir. 1962), where it can be said that Defendants are in possession of the all of the information necessary to mount an effective defense. In Wirtz, the Secretary alleged violations of the FLSA's pay and recordkeeping provisions. 312 F.2d at 14. In that context, the court could easily find that "most of the information needed to prosecute or defend the case was in the defendants' possession from the beginning; this was the defendants' book and records." Id. at 16. In contrast, this case is about Defendants' past conduct - a topic on which minds may differ due to disparate memories, interpretations or even exaggerations. It is therefore critical that Defendants in this case be able to understand and respond to the accusations made against them.

4
CASE NO. 5:13-cv-04208 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR IN CAMERA REVIEW

must disclose to Defendants any alleged retaliatory conduct he would like the court to consider in ruling on the motion for preliminary injunction. The Secretary may accomplish this through "John Doe" declarations filed and served on Defendants which describe only Defendants' alleged conduct in a manner that will not identify a specific employee. This may require general statements if specific statements would reveal an employee's identity. To be clear, the court is not requiring the Secretary to disclose anything that might be used to identify anyone in particular, but is simply attempting to ensure that the parties and the court are prepared to proceed with the same information. The court leaves the details of the task to the Secretary's judgment under the schedule designated below.

### III. ORDER

Based on the foregoing, the Secretary's Motion for In Camera Review (Docket Item No. 15) is DENIED.

The Secretary may serve and file additional "John Doe" declarations in support of his Motion for Preliminary Injunction in a manner consistent with this Order on or before **December 5, 2013.** Defendants may file a supplemental opposition or response to any additional declarations on or before **December 10, 2013.** The hearing on the Motion for Preliminary Injunction is CONTINUED to **December 13, 2013, at 10:00 a.m.** to allow for these additional filings.

**IT IS SO ORDERED.**

Dated: November 27, 2013

EDWARD J. DAVILA
United States District Judge